# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-631V
Filed: October 31, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
DANIEL NEIMAN and ALLYSON F.,         *
NEIMAN, as parents and legal          *
Representatives of their minor son    *
N.K.N.                                *
                                      *
            Petitioners,              *    Decision Awarding Damages;
v.                                    *    Rotavirus;
                                      *    Intussusception;
SECRETARY OF HEALTH                   *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Elizabeth Martin Muldowney*, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioners.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 19, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that following administration of a number of vaccinations, including rotavirus vaccine, N.K.N. developed severe intussusception requiring surgical intervention. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 9, 2016, a Ruling on Entitlement was issued finding petitioners entitled to compensation based on respondent's concession. (ECF No. 26.)  On August 22, 2016, the undersigned issued a ruling on pain and suffering finding that petitioners are entitled to $144,000.00 for N.K.N.'s past pain and suffering and $1,000.00 per year over a 74 year life expectancy for his future pain and suffering, as well as $5,992.21 in past unreimbursable medical expenses. (ECF No. 34, p. 9.)  The undersigned ordered the parties to file a joint status report converting the award for future pain and suffering to a net present value. (*Id*.)

On September 19, 2016, the parties advised that they are unable to agree on a net present value (ECF No. 35) and on September 30, 2016, submitted briefs regarding their respective views on the appropriate reduction to net present value (ECF Nos. 37-38).  Respondent proposes to apply a net discount rate of 2% for all years. (ECF No. 38.)  This results in a net present value of $39,219.67.  (*Id*.)  Petitioners, however, wish to apply a net discount rate of 1% for the next 15 years followed by a net discount rate of 2% applied for the remaining 59 years. (ECF No. 37, p. 1.)  This results in a net present value of $40,235.10. (*Id*.)  Citing the current 10, 20 and 30 year treasury rates, petitioners argue that applying a lower net discount rate in the near term is appropriate due to historically low interest rates. (ECF No. 37, p. 3.)  Respondent does not address petitioners' contention, but argues that the 2% rate has been consistently used by respondent and routinely accepted by petitioners in the Vaccine Program and that these petitioners should be treated similarly.[3] (ECF No. 38, p. 3.)

Although the undersigned is sympathetic to respondent's argument in favor of consistency, it would be unjust to hold these petitioners to prior petitioners' agreements for expediency alone.  Petitioners' representations regarding current interest rates are unrebutted and their proposed reduction is within the bounds of what has been applied in prior cases where the reduction to net present value was contested.[4]  Therefore, consistent with petitioners' approach, the undersigned concludes that the net present value of petitioners' award for future pain and suffering is $40,235.10.[5]

---

[3] Respondent stresses in particular that a 2% net discount rate was applied in the *Brooks* case, which the undersigned characterized as "factually indistinguishable" from the instant case and upon which the instant award was modeled. (ECF No. 38, p. 3.)  Significantly, however, the discount rate applied in *Brooks* was determined by agreement of the parties.

[4] *See, e.g. Childers v. HHS*, No. 96-196V, 1999 WL 159844 (Fed. Cl. Spec. Mstr. Mar. 5, 1999)(noting that the Supreme Court has approved the use of net discount rates of between 1-3%, but applying the 1% in light of legislative history suggesting that the Vaccine Program was intended to compensate with generosity); *Watkins v. HHS*, No. 88-66V, 1990 WL 608695 (Fed. Cl. Spec. Mstr. May 10, 1990)(finding an economist's use of a 1% net discount value to be reasonable); *see also Jones and Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523 (1983)(approving discount rates of between 1-3% in the context of future lost earnings).

[5] The undersigned stresses that this is not a finding that respondent's proposed discount rate of 2% is unreasonable.  *See, e.g. Watkins v. HHS*, No. 95-154V, 1999 WL 199057 (Fed. Cl. Spec. Mstr. Mar. 12, 1999)(applying a 2% net discount rate in the context of future lost earnings).

Based on the record as a whole, and pursuant to the undersigned's Ruling on Pain and Suffering, the undersigned finds that petitioners are entitle to an award as follows:

**A lump sum of $190,277.31 which represents compensation for actual pain and suffering ($144,000.00), projected pain and suffering ($40,235.10), and past unreimbursed medical expenses ($5,992.21), in the form of a check payable to petitioners as guardians/conservators of N.K.N.'s estate**.

This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.