# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-631V
Filed: July 5, 2017
UNPUBLISHED

| | |
|---|---|
| DANIEL NEIMAN and ALLYSON F. NEIMAN, as parents and legal representatives of their minor son, N.K.N., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Elizabeth Martin Muldowney, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 19, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that their son suffered intussusception requiring surgical intervention following receipt of a rotavirus vaccine. On October 31, 2016, the undersigned issued a decision awarding compensation. (ECF No. 39.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 30, 2017, petitioners filed a motion for attorneys' fees and costs.  (ECF No. 48.)   Petitioners request attorneys' fees in the amount of $35,418.90 and attorneys' costs in the amount of $1,494.26, totaling $36,913.16 in attorneys' fees and costs. (*Id.* at 4.)  Additionally, in compliance with General Order #9, petitioners filed a signed statement and provided supporting invoices indicating that petitioners incurred $3,315.50 in out-of-pocket expenses. Thus, the total amount requested is $40,228.66.

On June 30, 2017, respondent filed a response to petitioners' motion.  (ECF No. 49.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On July 5, 2017, petitioners filed a reply.  (ECF No. 50.) Petitioners reiterated the reasonableness of the requested award based on the arguments advanced in the initial fee application.

The undersigned has reviewed the billing records submitted with petitioners' request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioners' request, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $40,228.66[3] as follows:**

- **A lump sum of $36,913.16, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel,  Elizabeth Martin Muldowney, Esq.; and**

- **A lump sum of $3,315.50, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.